**STATE of Minnesota, Respondent,**

v.

**Keith HUMES, pet., Appellant.**

No. C5–97–1217.

Supreme Court of Minnesota.

July 9, 1998.

Melissa Sheridan, Assistant State Public Defender, St. Paul, for Appellant.

Hubert H. Humphrey III, Attorney General, St. Paul, Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, for Respondent.

## OPINION

BLATZ, Chief Justice.

The defendant, Keith Humes, challenges the district court's jurisdiction under Minn. R.Crim. P. 27.03, subd. 9 to correct his sentence for criminal sexual conduct in the second degree to include a conditional release term. Additionally, Humes contends that the district court violated his rights under the Double Jeopardy and Due Process Clauses of the United States and Minnesota Constitutions in correcting his sentence after he had served over six months of it. We hold that the district court's correction of Humes' sentence was proper under Minn. R.Crim. P.

27.03, subd. 9 and did not violate Humes' double jeopardy or due process rights.

On November 8, 1993, Keith Humes was charged with three counts of criminal sexual conduct in the second degree in violation of Minn.Stat. § 609.343, subd. 1(a), 2 (1996). The charges arose out of allegations that Humes fondled his neighbor's 7– and 12–year–old granddaughters and their 10–year–old friend between September and October of 1993. An additional count of attempted second-degree criminal sexual conduct was added on July 15, 1994, stemming from the same events. Following a jury trial, Humes was found guilty on all four counts.

At a sentencing hearing on September 2, 1994, the district court stayed Humes' 34–month sentence and imposed probation for five years, on several conditions. However, Humes violated these conditions and, on July 22, 1996, a warrant was issued for his arrest. Following a revocation hearing on October 4, 1996, the district court executed Humes' sentence with credit for time served. The record contains no mention of a conditional release term.

On March 20, 1997, an administrator of Minnesota Correctional Facility—Stillwater sent the district court a letter inquiring whether it had intended to include a conditional release term in Humes' sentence in accordance with Minn.Stat. § 609.346, subd. 5 (1996). The court responded with a letter indicating that it was the court's intention to include a five-year conditional release term in Humes' sentence and requesting computations to Humes' sentence on this basis. Although the record is not entirely clear, it appears that the administrator then recomputed Humes' sentence to include a conditional release term. Subsequently, Humes made a motion to vacate the conditional release term on the grounds that the sentence was amended outside of his presence and that the court lacked jurisdiction to amend the sentence. The state, recognizing that the amendment should have been made in Humes' presence, countered with a motion to properly amend Humes' original sentence. Following a hearing, the court filed an order on May 22, 1997, denying Humes' motion and granting the state's request to resentence

Humes with the appropriate conditional release term. The court reasoned that since the original sentence was not authorized by law, it had jurisdiction to amend the sentence to conform with Minn.Stat. § 609.346, subd. 5. The court of appeals affirmed.[1]

In amending Humes' sentence to include a conditional release term, the district court acted pursuant to Minn. R.Crim. P. 27.03, subd. 9, which provides that "[t]he court at any time may correct a sentence not authorized by law." Humes contests the court's jurisdiction under this rule on the basis that his sentence was not unauthorized. He argues that for a sentence to be classified as unauthorized, it is not enough that the sentence is contrary to the requirements of the sentencing statute. Rather, he argues that the statute at issue must also expressly prohibit waiver of its requirements.

The conditional release statute at issue, Minn.Stat. § 609.346, subd. 5(a), provides in relevant part:

> Notwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the sentencing guidelines, when a court sentences a person to prison for a violation of section 609.342, 609.343, 609.344, or 609.345, *the court shall provide* that after the person has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release. If the person was convicted for a violation of [one of the above listed statutes], the person *shall be placed on conditional release for five*

*years,* minus the time the person served on supervised release.

(emphasis added).[2] Despite the statute's repeated use of the directive "shall," Humes argues that the district court has discretion to waive the statute's terms because waiver is not expressly prohibited. In support of this argument, Humes contrasts the statute with other statutes that expressly prohibit waiver.[3] Humes further argues that, when the legislature has not specifically prohibited waiver of mandatory sentencing, this court has permitted waiver.[4]

■ However, we reject the argument that the legislature must append language prohibiting waiver to every mandatory statute to ensure that the statute is given effect.[5] The canons of statutory construction provide that "shall" is mandatory.[6] Therefore, the plain language of the statute clearly indicates that a conditional release term must be included in the sentence of every sex offender covered by Minn.Stat. § 609.346, subd. 5, "[n]otwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the sentencing guidelines."

■ Additionally, this statute is highly distinguishable from the sentencing guidelines we deemed waivable in *State v. Givens.*[7] In *Givens,* we determined that the purpose of the sentencing guidelines is to ensure evenhandedness in sentencing and therefore, sentencing pursuant to the guidelines is a waivable right protecting the prisoner, akin to the

---

1. *State v. Humes,* No. C5–97–1217 (Minn.App., filed Oct. 21, 1997) (slip op. at 2), 1997 WL 644966.

2. Conditional release is a term of probation which is imposed upon the sex offender after he or she has completed his or her sentence. Minn. Stat. § 609.346, subd. 5(a). The terms of the conditional release may include successful completion of treatment and any other conditions the commissioner of corrections deems appropriate. *Id.* at subd. 5(b). If the offender fails to meet any condition of the release, the commissioner may revoke the offender's release and order that the offender serve the remaining portion of the conditional release term in prison. *Id.*

3. *See, e.g.,* Minn.Stat. § 609.101, subd. 5 (1996) (prohibiting court from waiving payment of the

minimum fine); Minn.Stat. § 609.11, subd. 8(b) (1996) (providing that court may not sentence a defendant without regard to the statute's mandatory minimum sentences if the defendant previously has been convicted of a listed offense while in possession of a dangerous weapon).

4. *See State v. Givens,* 544 N.W.2d 774, 777 (Minn.1996) (holding that the defendant could waive his right to be sentenced according to the sentencing guidelines).

5. *See* Minn.Stat. § 645.16 (1996) ("Every law shall be construed, if possible, to give effect to all its provisions.")

6. Minn.Stat. § 645.44, subd. 16 (1996).

7. 544 N.W.2d 774 (Minn.1996).

right to a jury trial.[8] In contrast, the conditional release provisions of section 609.346, subd. 5 do not serve to protect any right of the defendant, but rather ensure that supervision of a convicted sex offender will continue after the offender is released. Moreover, the sentencing guidelines differ from the conditional release statute in that they expressly allow for departures and therefore, a sentence which varies from the presumptive sentence is not necessarily unauthorized under the statute.[9] In contrast, the conditional release statute does not provide for departures.

In determining that the district court had jurisdiction to amend Humes' sentence to include the conditional release term mandated by Minn.Stat. § 609.346, subd. 5(a), we are guided by our decision in *Bangert v. State*.[10] In *Bangert*, the appellant challenged the postconviction court's elimination of a stay of execution on one of his two mandatory life sentences.[11] This court upheld the action of the postconviction court pursuant to Minn. R.Crim. P. 27.03, subd. 9, holding that the stay was unauthorized under Minn.Stat. § 609.135. That statute provided that a district court could stay imposition of a sentence except when a sentence of life imprisonment was required by law.[12] This court went on to hold that, upon remand for resentencing, the sentencing judge was not bound to the general rule that a court may not impose a harsher sentence than originally imposed. We reasoned that, "[t]he present case involves simply an error of law in sentencing. It is not at all clear that fairness and public policy entitle a defendant to the benefit of a mistake by the sentencing judge."[13] Similarly, here the district court simply made an error of law in failing to include the mandato-

ry conditional release term in Humes' sentence. Humes may not now benefit from that mistake by claiming that the court's error constitutes a waiver of the conditional release term required by law.

▇▇▇▇ Having determined that the district court had jurisdiction to amend Humes' sentence, we now address Humes' argument that the court's correction of his sentence to include a five-year conditional release term violated his rights under the Double Jeopardy and Due Process Clauses of the United States and Minnesota Constitutions. The Due Process Clauses ensure that sentencing proceedings observe the standards of fundamental fairness essential to justice.[14] The Double Jeopardy Clauses protect a criminal defendant from three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense.[15] The double jeopardy guarantees are generally not violated when a district court corrects an unauthorized sentence, even if the sentence is increased.[16] This is because "a sentence does not have the qualities of constitutional finality that attend an acquittal."[17]

In *DiFrancesco*, the Supreme Court held that the state's appeal of the defendant's sentence pursuant to 18 U.S.C. § 3576, the Organized Crime Control Act of 1970(Act), did not violate either the Double Jeopardy Clause's guarantee against multiple trials or the guarantee against multiple punishment.[18] In reaching this holding, the Court noted that the "basic design of the double jeopardy provision" is to act "as a bar against repeated attempts to convict, with consequent subjection of the defendant to embarrassment, ex-

---

**8.** *Id.* at 777.

**9.** *See* Minnesota Sentencing Guidelines II.D (1996).

**10.** 282 N.W.2d 540 (Minn.1979).

**11.** *Id.* at 547.

**12.** *Id.*

**13.** *Id.*

**14.** *See Romano v. Oklahoma*, 512 U.S. 1, 12–13, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994). *See gener-*

*ally State v. Adams*, 295 N.W.2d 527, 535 (Minn. 1980).

**15.** *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); *State v. Hanson*, 543 N.W.2d 84, 86 (Minn.1996).

**16.** *See Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 91 L.Ed. 818 (1947).

**17.** *United States v. DiFrancesco*, 449 U.S. 117, 134, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

**18.** *Id.* at 132–139, 101 S.Ct. 426.

pense, anxiety, and insecurity[.]"[19] The Court determined that this design was not violated when the state appealed the defendant's sentence because the defendant was charged with knowledge of the Act and its appeal provisions and therefore, he had no expectation of finality in his sentence until the appeal was concluded or the time to appeal had expired.[20]

■ Although in *DiFrancesco* the Supreme Court held that there was no double jeopardy bar to the state's appeal of a defendant's sentence, the fact that the Court weighed the defendant's expectations of finality in its analysis raised some question about the role of an individual's expectation of finality in double jeopardy determinations. As a result, some federal circuits have interpreted *DiFrancesco* as establishing the individual's expectation of finality as an element of the double jeopardy analysis.[21] Similarly, at least one few federal circuit has interpreted the finality language as a due process limitation on correcting mistaken or illegal sentences.[22] However, under the facts of the instant case, Humes did not have a crystallized expectation of finality in his sentence. Therefore, we conclude that the trial court's addition of a conditional release provision to his sentence did not violate the Double Jeopardy or Due Process Clauses of the United States and Minnesota Constitutions.

In conclusion, we hold that the district court properly corrected Humes' sentence to include a five-year conditional release term as mandated by Minn.Stat. § 609.346, subd. 5 (1996). The original sentence was unautho-

rized and the court had jurisdiction under Minn. R.Crim. P. 27.03, subd. 9 to correct it. Furthermore, Humes did not have a crystallized expectation of finality in his sentence and therefore, there was no due process or double jeopardy bar to amending it.

The decision of the court of appeals is affirmed.

---

19.  *Id.* at 136, 101 S.Ct. 426.

20.  *Id.*

21.  *Compare United States v. Crawford*, 769 F.2d 253, 257–58 (5th Cir.1985) *cert. denied sub nom., Waggoner v. United States*, 474 U.S. 1103, 106 S.Ct. 887, 88 L.Ed.2d 922 (1986) (holding that the defendant was charged with the knowledge that his sentence, if illegally imposed, would be subject to correction under Fed.R.Crim.P. 35(a) and therefore, he had no expectation of finality in the sentence) *with United States v. Jones*, 722 F.2d 632, 638–39 (11th Cir.1983) (holding that, unless statutory sentence modification was available as in *DiFrancesco*, or the defendant deceived the judge in initial sentencing, the defendant has an expectation of finality in an erroneous (but authorized) sentence when he begins serving it).

22.  See *United States v. Lundien*, 769 F.2d 981, 985–87 (4th Cir.1985), *cert. denied*, 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986) (stating that due process may be denied when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them). *See also Breest v. Helgemoe*, 579 F.2d 95, 101 (1st Cir.), *cert. denied*, 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1978) (stating that, after a substantial period of time, it might be violative of due process for a court to correct even a statutorily invalid sentence in a way which frustrates a prisoner's expectations).