**STATE of Minnesota, Respondent,**

v.

**Steven Paul GARCIA, pet., Appellant.**

**No. C4–97–1337.**

Supreme Court of Minnesota.

July 9, 1998.

2. The state shall file its brief to this court within 15 days of the trial court's order. *See* Minn. R.Crim. P. 29.04, subd. 10.

Steven P. Russett, Assistant State Public Defender, St. Paul, for Appellant.

Hubert H. Humphrey III, Attorney General, St. Paul, Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, for Respondent.

## OPINION

BLATZ, Chief Justice.

In this sentencing appeal, the defendant, Steven Paul Garcia, challenges the post-sentencing addition of a conditional release term to his plea-bargained sentence and seeks specific performance of the plea agreement. We hold that Garcia's original sentence, which did not contain the conditional release term required by Minn.Stat. § 609.346, subd. 5 (1996), was unauthorized and properly corrected by the district court. Further, we hold that the remedy for Garcia's breached plea agreement is to permit Garcia to either withdraw his guilty plea and plead anew or remain bound by the original plea agreement, amended to include the conditional release term required by law.

Garcia's plea agreement stemmed from an incident that occurred on the morning of May 1, 1995, when Garcia sexually assaulted a female acquaintance at his apartment. Garcia was subsequently charged with two counts of criminal sexual conduct in the first degree. On August 9, 1995, Garcia signed a petition to enter a plea agreement and a hearing on that agreement was held. In the petition and at the hearing, Garcia indicated his willingness to plead guilty to a lesser charge of attempted first-degree sexual conduct in exchange for a sentence of 81 months. At the sentencing hearing on September 14, 1995, Garcia was sentenced according to this plea agreement.[1] A conditional release term

---

1. At the hearing, the parties discussed the fact that the 81-month term had been fixed by the parties on the mistaken assumption that Garcia's criminal history score was six. It was noted that his score was actually five. However, Garcia agreed to an upward departure from the sentencing guidelines to maintain the agreed upon 81-month plea term.

was not set forth in the plea petition nor was it addressed at any of the hearings. On appeal, the court of appeals upheld the sentence.[2]

On May 7, 1997, a resentencing hearing was held following the district court's receipt of a request for clarification of Garcia's sentence by an administrator at Minnesota Correctional Facility—Stillwater. During the hearing, the prosecutor made a motion to correct Garcia's sentence by adding a ten-year conditional release period pursuant to Minn.Stat. § 609.346, subd. 5, and Garcia objected. The statute provides, in relevant part, that a person convicted for a second or subsequent specified criminal sexual conduct offense "shall be placed on conditional release for ten years, minus the time the person served on supervised release."[3] The court determined that this provision applied to Garcia, who had a prior conviction for criminal sexual conduct in the third degree, and granted the state's motion.

Garcia appealed this sentence modification to the court of appeals. The court of appeals held that the change to Garcia's sentence was proper because the original sentence was contrary to the statutorily mandated sentence as set forth in Minn.Stat. § 609.346, subd. 5.[4] However, the court of appeals also held that Garcia should be allowed to withdraw his guilty plea on the ground that there was a mutual mistake as to the potential length of Garcia's incarceration——an essential term of the plea agreement.[5]

■■■ As a threshold issue, we consider whether the district court had jurisdiction to amend Garcia's sentence to include a conditional release term as required by Minn.Stat. § 609.346, subd. 5. This issue is resolved by *State v. Humes*, in which we held that the terms of this statute are mandatory and non-waivable.[6] As Minn.Stat. § 609.346, subd. 5

requires that Garcia's sentence include a conditional release term, his original sentence without the term was unauthorized and the court had jurisdiction under Minn. R.Crim. P. 27.03, subd. 9 to amend it. Additionally, we hold that there is no due process or double jeopardy bar to amending Garcia's sentence. "[A] sentence does not have the qualities of constitutional finality that attend an acquittal."[7] Further, Garcia had not developed a crystallized expectation of finality in his sentence such that double jeopardy or due process concerns would arise.

Next, we consider Garcia's contention that, despite the illegality of his sentence, he is entitled to specific performance of the plea agreement. Garcia contends that when the prosecution agreed to a sentence of 81 months in his plea agreement, it waived the right to seek amendment of that sentence. Further, he argues that once the court accepted the plea agreement, it was bound to its terms. Garcia supports this argument by citing several cases in which criminal defendants have been held to plea agreements requiring them to do things that the state would not otherwise be authorized to require and arguing that the state should be similarly bound.[8] Garcia posits that if the state is permitted to amend his plea-bargained sentence to add a conditional release term, the interests of efficient administration of justice will be undermined because criminal defendants will lose faith in the enforcement of plea agreements.

■■■ However, we note the distinction between sentences which contain additional terms which, although not required by the law, are not forbidden and sentences which are plainly illegal because they fail to contain terms that the legislature has mandated. As we recognized recently in *State v. Mitchell*,

2. *State v. Garcia*, No. C0–95–2612, 1996 WL 291573 (Minn.App., filed June 4, 1996).

3. Minn.Stat. § 609.346, subd. 5.

4. *State v. Garcia*, No. C4–97–1337, 1997 WL 644964 (Minn.App. Oct. 21, 1997) (slip op. at 3).

5. *Id.*

6. 581 N.W.2d 317 (Minn.1998).

7. *United States v. DiFrancesco*, 449 U.S. 117, 134, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

8. *See, e.g., State v. Mavis*, 409 N.W.2d 853, 854 (Minn.1987) (holding that defendant was bound by plea bargain to reimburse state for extradition costs despite the fact that the state would not otherwise have authority to require reimbursement); *State v. Givens*, 544 N.W.2d 774, 777 (Minn.1996) (holding that defendants may agree to departure from sentencing guidelines in plea bargain).

district courts generally do not have the authority to depart from mandatory sentences.[9] "In sentencing, the legislature has the power to define the punishment for crimes, and the courts are the 'executor of the legislative power.'"[10] The court cannot uphold, through the remedy of specific performance, a sentence which it had no authority to impose in the first place. Moreover, there is no constitutional right to specific performance of a plea agreement.[11]

This does not mean that Garcia is without remedy for the breach of his plea agreement. "It is well settled that an unqualified promise which is part of a plea arrangement must be honored or else the guilty plea may be withdrawn."[12] In the instant case, the prosecution promised Garcia an 81–month executed sentence, which did not include a conditional release term, in exchange for his plea of guilty to the charge of attempted first-degree criminal sexual conduct. This unqualified promise is unauthorized by law and therefore, Garcia must be allowed to withdraw from the plea agreement if he so chooses. If he does not so choose, Garcia should be permitted to continue to be bound by the original plea agreement, as amended to include the 10–year conditional release term required by law.

We affirm the decision of the court of appeals.

---

9.  577 N.W.2d 481, 493 (Minn.1998).

10.  *Id.* (citing *State v. Osterloh,* 275 N.W.2d 578, 580 (Minn.1978)).

11.  *See Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971);

*Mabry v. Johnson,* 467 U.S. 504, 510 n. 11, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984).

12.  *Kochevar v. State,* 281 N.W.2d 680, 687 (Minn.1979).