STATE of Minnesota, Respondent,

v.

Thomas Wayne CALMES, Appellant.

No. CX–00–1273.

Court of Appeals of Minnesota.

Dec. 19, 2000.

Review Granted Feb. 21, 2001.

Mike Hatch, Attorney General, St. Paul, and Michelle E. Moren, Roseau County Attorney, Roseau, for respondent.

John M. Stuart, State Public Defender, Sharon E. Jacks, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by
SCHUMACHER, Presiding Judge,
AMUNDSON, Judge, and HALBROOKS, Judge.

## OPINION

AMUNDSON, Judge.

Almost three years after appellant began serving his prison sentence for second-degree criminal sexual conduct and first-degree burglary, the district court imposed the five-year conditional release provision mandated by statute. Appellant challenges this release provision, arguing that he had a crystalized expectation of finality in his sentence because (1) the district court had already amended his sentence to include the conditional release provision, only to vacate it because it had been imposed in appellant's absence; and (2) he had already completed his prison term when the conditional release term was added to his sentence. Appellant argues that this imposition of a conditional release term three years after sentencing violates both his right to due process and protections against double jeopardy.

## FACTS

On February 13, 1997, appellant Thomas Wayne Calmes pleaded guilty to second-degree criminal sexual conduct and first-degree burglary pursuant to a plea agreement requiring him to serve a 57 month prison term. Calmes was sentenced on March 17, 1997, to 57 months for the burglary charge and 48 months for the criminal sexual conduct charge. Both sentences were executed and ordered to run concurrently. No conditional release term was imposed at the sentencing hearing.

After Calmes began serving his sentence, the Department of Corrections (DOC) contacted the sentencing court advising the court that the conditional release provision of Minn.Stat. § 609.346, subd. 5(a) (1996), could be applied to Calmes's sentence. In April 1997, the sentencing court replied to the DOC stating that it had intended to impose a five-year conditional release term as part of Calmes's sentence. The district court asked the DOC to contact him if it was necessary to do anything further to correct Calmes's sentence to include the conditional release term. The DOC then corrected the sentence.

Calmes then filed a motion to correct his sentence requesting that the conditional release term be removed from his sentence because it was added in his absence. The state did not oppose the motion and on July 30, 1997, the district court vacated the conditional release term.

On May 2, 2000, the district court, without a hearing, issued an amended sentencing order. The record is not entirely clear whether this was done because of prompting from the DOC, but the record does not contain any motion by the state for such a modification. The amended sentencing order imposed the five-year conditional release term. This appeal followed.

## ISSUE

Does the imposition of a five-year conditional release term three years after defendant was originally sentenced, and almost three years after the court vacated a similar term, violate due process rights and protection from double jeopardy?

## ANALYSIS

Can a defendant's sentence be subsequently amended, without a hearing, to include a conditional release term mandated by Minn.Stat. § 609.346, subd. 5(a) (1996)?[1] The statute provides, in relevant part:

> when a court sentences a person to prison for violation of section 609.342, 609.343, 609.344, or 609.345, the court shall provide that after the person has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release. If the person was convicted for a violation of [one of the above listed statutes], the person shall be placed on conditional release for five years, minus the time the person served on supervised release.

Calmes was convicted of violating Minn. Stat. § 609.343 (1996).[2] That statute mandates a conditional release term be included for any person sentenced to prison for violating Minn.Stat. § 609.343. *State v. Humes*, 581 N.W.2d 317, 319 (Minn.1998).

Because the conditional release term is mandatory, a district court has jurisdiction to amend a defendant's sentence to include a conditional release term. *Id.* at 320 (failure to include the mandatory conditional release term in defendant's sentence is simply an error of law, and not a waiver of the conditional release term required by law); *see also State v. Garcia*, 582 N.W.2d 879, 881 (Minn.1998) (district court had jurisdiction to amend defendant's sentence to include a conditional

release term as required by Minn.Stat. § 609.346, subd. 5).

Because it is clear that the district court had jurisdiction to amend Calmes's sentence, the only remaining issue is whether the amendment to his sentence, under these facts, violated his rights under the Double Jeopardy and Due Process Clauses of the United States and Minnesota Constitutions. These clauses operate to protect a defendant from (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Humes*, 581 N.W.2d at 320 (citations omitted). The Due Process Clauses of the United States and Minnesota Constitutions guarantee that standards of fundamental fairness are observed in sentencing proceedings. *Id.* (citing *Romano v. Oklahoma*, 512 U.S. 1, 12–13, 114 S.Ct. 2004, 2012, 129 L.Ed.2d 1 (1994)).

The belated imposition of the conditional release term to Calmes's sentence does not violate Calmes's double jeopardy rights. A sentence imposed on a defendant who has been convicted of violating Minn.Stat. § 609.343 (1996), and who is sentenced to prison, that fails to contain a conditional release term pursuant to Minn.Stat. § 609.346, subd. 5, is simply unauthorized. *Garcia*, 582 N.W.2d at 880. When a district court corrects an unauthorized sentence, double jeopardy guarantees are not generally violated because the qualities of constitutional finality that accompany an acquittal are not similarly present in a sentence. *Humes*, 581 N.W.2d at 320; *see also United States v. DiFrancesco*, 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980) ("The Double Jeopardy Clause does not provide the defendant with the right to know at any

---

1. Minn.Stat. § 609.346 was repealed effective August 1, 1998, 1998 Minn.Laws ch. 367, art. 6, § 16, and replaced with · Minn.Stat. § 609.109, subd. 7 (1998). 1998 Minn.Laws ch. 367, art. 6, §§ 2, 6, and 15.

2. Minn.Stat. § 609.343 was amended effective August 1, 1998 Minn.Laws ch. 367, art. 3, § 8, for crimes committed on or after that date.

specific moment in time what the exact limit of his punishment will turn out to be."); *but see United States v. Jones,* 722 F.2d 632, 638 (11th Cir.1983) (where a trial court resentenced a defendant after realizing that, through no fault of defendant, it misunderstood certain factual matters, court held defendant's legitimate expectations with respect to the duration of his sentence were frustrated, and his rights under the double jeopardy clause were violated because the initial sentence, while erroneous, was authorized by law).

■ Calmes argues that his due process rights were violated by the amendment of his sentence. Due process concerns are triggered

> when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have crystalized and it would be fundamentally unfair to defeat them.

*United States v. Lundien,* 769 F.2d 981, 987 (4th Cir.1985) (affirming trial court's increase of sentence from ten years to twenty years after defendant served five days). *see also Breest v. Helgemoe,* 579 F.2d 95, 101 (1st Cir.1978), *cert. denied,* 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1978) (affirming lower court's enhancement of defendant's sentence increasing minimum sentence from eighteen to forty years after defendant served fourteen days, but noting that after a substantial period of time, it may be fundamentally unfair for a court to alter even an illegal sentence in a manner that frustrates a defendant's expectations).

In both *Humes* and *Garcia,* the Minnesota Supreme Court concluded that imposition of the conditional release term some time after a defendant began serving his sentence did not violate the defendant's expectation in the finality of his sentence. Calmes argues that the facts of this case are distinguishable from those cases. In *Humes,* the defendant, convicted of four counts of second-degree criminal sexual assault, was arrested on a probation violation, and the district court executed his

sentence without imposing a conditional release term. *Humes,* 581 N.W.2d at 318. Five months after Humes's sentence was executed, the district court, without a hearing, instructed the administrator of the correctional facility housing Humes to amend Humes's sentence to include the conditional release term. *Id.* Humes made a motion to vacate the term on the grounds that his sentence was amended outside of his presence and that the court lacked jurisdiction. *Id.* The district court held a hearing and formally amended Humes's sentence at that time to include the conditional release term. *Id.* at 318–19. The supreme court affirmed the addition of the conditional release term to Humes's sentence. *Id.* at 321.

Likewise, the defendant in *Garcia* pleaded guilty to the charge of attempted first-degree sexual assault in exchange for a sentence of 81 months. *Garcia,* 582 N.W.2d at 880. Garcia was sentenced on September 14, 1995; a conditional release term was not set forth in the plea petition, nor was it addressed at any of the hearings. *Id.* at 880–81. Following a request for clarification by the DOC, a hearing was held, and the conditional release term was added to Garcia's sentence on May 7, 1997. *Id.* Again, the supreme court affirmed the addition of the conditional release term subsequent to the original imposition of sentence. *Id.* at 882.

Calmes argues that *Humes* and *Garcia* are distinguishable from his case because the time-lapse between the original sentence and the imposition of the conditional release term is greater here. The defendant's sentence in *Humes* was amended eight months after he began serving his prison sentence. In *Garcia,* the defendant's sentence was amended 18 months after he began serving his prison sentence. Here, Calmes's sentence was amended three years after he began serving his prison sentence, and two years after the court vacated an order imposing the conditional release term.

Though the gap between the original sentence and modification is greater in this case than in *Humes* and *Garcia*, Calmes's due process rights were not violated. Most courts that have expressed concern about violating a defendant's expectation in the finality of the sentence were troubled when a defendant's sentence was amended enhancing the amount of incarceration time. Here, the addition of a conditional release term does not call forth the same concerns as the extension of incarceration.

■ Furthermore, the rules of criminal procedure provide that "[t]he court *at any time* may correct a sentence not authorized by law." Minn.R.Crim.P. 27.03, subd. 9 (emphasis added). Calmes's sentence was unauthorized and therefore subject to correction at any time. And while a defendant may not be charged with knowledge of the rules of criminal procedure, he is charged with knowledge of the statute that he pleaded guilty to violating. *DiFrancesco*, 449 U.S. at 136, 101 S.Ct. at 437. At his sentencing hearing, the court specifically informed Calmes that he was entering a plea of guilty to "the crime of criminal sexual conduct in the second degree, in violation of Minnesota Statute 609.343, subd. 1(d)." Minn.Stat. § 609.343 (1996) specifically references Minn.Stat. § 609.346, mandating that the district court impose a conditional release term for offenders such as Calmes.

The fact that the district court previously vacated its earlier addition of the condition release term does not create an expectation that Calmes claim had crystalized to a point where the modification violated his right to due process. While we find no violation of Calmes's due process rights here, we do recognize that there may be an occasion where imposition of the conditional release term may occur at a time so remote from the imposition of the sentence that a defendant may have legitimately developed this crystalized expectation in the finality of sentence. But even this possibility does not necessitate a hearing on the matter each time a conditional release term is added to a defendant's sentence. It is unnecessary to hold a full-blown hearing each time a sentence is modified only to conform to statutory mandate, especially in light of the fact that our supreme court has declared that imposition of conditional release terms in cases such as this is mandatory and nonwaivable. *Garcia*, 582 N.W.2d at 881. Therefore, no legitimate claim may be raised in opposition to such a modification except possibly, that the imposition of the conditional release term violates a defendant's due process rights. Any defendant with such claim may properly move the court to modify a sentence and remove the conditional release term. The defendant is still afforded an opportunity to be heard and therefore, it is unnecessary to impose a requirement that each time a district court overlooks imposition of the conditional release term that a hearing on the matter must be held.

### DECISION

The district court's modification of appellant's sentence did not violate his rights to due process and protections from double jeopardy.

**Affirmed.**