*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0836**

State of Minnesota,
Respondent,

vs.

Randy Joseph Fellman,
Appellant.

**Filed January 3, 2017
Affirmed
Ross, Judge**

Goodhue County District Court
File No. 25-KX-02-001364

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Stephen N. Betcher, Goodhue County Attorney, Erin L. Kuester, Assistant County
Attorney, Red Wing, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard A. Schmitz, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Jesson,

Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

The state filed criminal charges against Randy Fellman for sexually abusing

multiple boys orally and giving children drugs, after which he pleaded guilty to first-degree

criminal sexual conduct, two counts of second-degree criminal sexual conduct, and contributing to the delinquency of a minor. Consistent with the plea agreement, the district court sentenced Fellman to 216 months in prison and imposed two consecutive periods of conditional release. Fellman moved to correct his sentence, arguing that consecutive conditional-release terms are unauthorized by law. The district court construed the motion as a postconviction petition and denied it as *Knaffla*-barred. We affirm because Fellman's challenge is a postconviction petition subject to *Knaffla*.

**FACTS**

The state charged Randy Fellman by amended complaint with fifteen criminal counts for sexually assaulting multiple boys and providing marijuana to children between 1992 and 2002. He reached a plea agreement with the state in December 2002 and signed a plea petition acknowledging that he understood the agreement and that he was waiving his trial rights. His attorney and the prosecutor examined him, covering the charges, the rights he was waiving, the sentencing implications, and the factual basis for his plea. The prosecutor established Fellman's understanding of his sentence this way:

> Q: And you understand the terms of the plea agreement, is that true?
> A: Yes I do.
>
> Q: Do you understand that you will be receiving a sentence of 216 months, commitment to the Commissioner of Prisons if the Judge accepts the terms of the plea agreement?
> A: Yes.
>
> Q: Do you understand that you would be serving a minimum of 144 months in prison, do you understand that?
> A: Yes.

2

[Questions concerning supervised release.]

Q: Do you also understand that under the terms of the plea agreement, you will be subject to something called condition [sic] release?
A: Yes.

Q: Do you understand that the conditional release period is separate from the supervised release period of time?
A: Yes.

Q: Do you understand that that's a specific term for registered sex offenders[?] By entering your guilty plea, if the Judge accepts that, you will be a sex offender under the law, do you understand that?
A: Yes.

Q: Do you understand that the terms of your conditional release period, pursuant to the plea agreement, would be 10 years have [sic] conditional release?
A: Yes.

Fellman pleaded guilty to one count of first-degree criminal sexual conduct, two counts of second-degree criminal sexual conduct, and one count of contributing to the delinquency of a minor. The district court accepted the plea. It sentenced Fellman in February 2003, establishing, among other things, that the sentence included "ten years of conditional release."

Fellman moved in February 2004 to modify his conditional-release term, arguing that he committed some of his offenses before the conditional-release statute became effective and that consecutive conditional-release terms are not permitted. But Fellman withdrew the motion "after discovering that the [department of corrections] did not aggregate the purported five-year consecutive conditional release terms when it implemented Fellman's sentences." Fellman petitioned for postconviction relief in

3

February 2005, challenging the sentencing departures in light of the then-new sentencing-jury requirement for aggravated sentences as announced in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). The district court denied Fellman's postconviction petition and we affirmed in an order opinion. *Fellman v. State*, No. A05-0961 (Minn. App. Mar. 2, 2006) (order op.), *review denied* (Minn. May 16, 2006).

Fellman moved to correct his sentence in February 2016, arguing that the district court must reduce the conditional-release term from ten years to five years. The district court denied his motion, treating it as a *Knaffla*-barred postconviction petition. Fellman appeals.

## D E C I S I O N

Fellman challenges the district court's denial of his motion by contesting how the district court characterized it. The district court characterized the motion, which Fellman filed under Minnesota Rule of Criminal Procedure 27.03, as a statutory petition for postconviction relief. Then it denied the motion as barred under the *Knaffla* rule that prohibits challenges that were (or could have been) raised before. We generally review a district court's denial of a postconviction petition for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). But whether the district court properly characterized the motion as a petition for postconviction relief under Minnesota Statutes section 590.01 (2014) is a threshold issue that requires us to interpret the rule and the statute. We interpret procedural rules and statutes de novo. *State v. Coles*, 862 N.W.2d 477, 479 (Minn. 2015).

A person convicted of a crime may challenge his sentence in two ways. He may file a petition for postconviction relief under Minnesota Statutes section 590.01, subdivision 1,

4

or he may file a motion to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. *Washington v. State*, 845 N.W.2d 205, 210 (Minn. App. 2014). The two remedies face different conditions. *Vazquez v. State*, 822 N.W.2d 313, 317–18 (Minn. App. 2012). A petition for postconviction relief has a temporal condition: it must generally be filed within two years after the entry of judgment of the petitioner's conviction or sentence, or an appellate court's disposition of the petitioner's direct appeal. Minn. Stat. § 590.01, subd. 4(a). It also has a substantive condition in that, after a direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976); *see also Jones v. State*, 671 N.W.2d 743, 746 (Minn. 2003) (extending the *Knaffla* restriction to also bar claims that were known or raised in a previous postconviction petition). The restriction has been extended further to bar claims that *should have been* known at the time of the previous petition. *See Brown v. State*, 746 N.W.2d 640, 642 (Minn. 2008). By contrast, a motion to correct an unauthorized sentence under rule 27.03, subdivision 9, is not subject to these conditions. *Washington*, 845 N.W.2d at 211. Fellman therefore seeks to have his filing treated as a sentence-correction motion, not as a postconviction petition.

The supreme court has instructed the district court when to categorize a postconviction filing as a sentence-correction motion under the rules or as a postconviction petition under the statute. It explained that, when a defendant challenges a sentence imposed as part of a plea agreement, the district court properly treats his purported rule 27.03 motion as a statutory petition for postconviction relief. *Coles*, 862 N.W.2d at 481–

82. The district court here followed *Coles*, reasoning that Fellman's challenge implicates the plea agreement and is therefore a section 590.01 postconviction petition rather than a rule 27 motion.

Fellman argues unconvincingly that *Coles* does not apply. He attempts to draw a distinction between a challenge to the legality of a sentence on improper-departure grounds, *see Coles*, 862 N.W.2d at 479, and a challenge like his, which maintains that the sentence itself is unauthorized. Fellman cites *Reynolds v. State*, 874 N.W.2d 257 (Minn. App. 2016), *aff'd*, ___ N.W.2d ___, 2016 WL 7118915 (Minn. Dec. 7, 2016), and *State v. Garcia*, 582 N.W.2d 879 (Minn. 1998), as support. Neither *Reynolds* nor *Garcia* supports Fellman's position.

In *Reynolds*, the appellant challenged a sua sponte sentence amendment that imposed a conditional-release term. 874 N.W.2d at 259. We noted, "Even if [Reynolds] prevails, his plea and conviction are unaffected. Under this assessment, it appears that Reynolds properly brought his challenge under the rule." *Id.* at 261. While Fellman's case was pending before us, the Minnesota Supreme Court affirmed our decision. *Reynolds v. State*, ___ N.W.2d ___, ___, 2016 WL 7118915, at *6 (Minn. Dec. 7, 2016). The supreme court agreed with us that the district court lacked the authority to impose a ten-year conditional-release term because the basis for that imposition was a fact not found by a jury or admitted to by Reynolds. *Id.* at ___, 2016 WL 7118915, at *3. The district court's conditional-release term therefore rendered the sentence not authorized by law and subject to challenge under rule 27. *Id.* This differs from the situation in *Coles*; the *Coles* court described Coles's contested sentence as "part of a negotiated package" that implicated the

6

terms of the plea agreement. *Coles*, 862 N.W.2d at 481. It is true that *Reynolds* addresses an unauthorized 10-year conditional-release term, similar to the now-contested part of Fellman's sentence. But this similarity is not material. *Coles* is instead materially similar to this case because the sentence here, like the sentence in *Coles*, was imposed as part of a plea bargain, which is in turn integral to the conviction. So unlike the situation in *Reynolds*, where "the plea and conviction are unaffected" by the postconviction challenge, Fellman's plea and conviction would necessarily be affected by his postconviction challenge.

And in *Garcia*, which long predated *Coles*, the defendant challenged the post-sentencing addition of a conditional-release term to his plea-bargained sentence and sought specific performance of the plea agreement. 582 N.W.2d at 880. Because the sentence *without* the conditional-release period was unauthorized, the district court could amend the sentence under rule 27.03, subdivision 9. *Id.* at 881. But the *Garcia* court also held that Garcia was not entitled to specific performance, and it allowed him either to withdraw from the plea agreement or continue under the amended sentence. *Id.* at 882. Fellman wants his conditional-release term reduced but objects to withdrawing from his plea. As the *Coles* court reasoned in rejecting this approach, "[i]f the defendant succeeds in reducing his or her sentence, he or she retains the benefit of the reduced criminal charge but the State no longer receives the benefit of the longer sentence." 862 N.W.2d at 481.

Fellman also argues on principle that construing his claim as a postconviction petition (and holding him to the *Knaffla* restrictions), rather than as a motion to correct his sentence, would undermine his right to challenge a sentence that is not authorized by law.

*See* Minn. Stat. § 609.095(a) (2014). His argument echoes Justice Page's dissent in *Coles*, which expressed similar concerns:

> Under the court's decision, however, for the first time in our court's history, we hold that there is in effect no remedy for the imposition of an illegal sentence. This result cannot stand. It contradicts our authority to correct an illegal sentence "at any time" under Rule 27.03, subdivision 9, runs counter to the Legislature's "stated public policy of achieving uniformity in sentencing" by way of the sentencing guidelines, . . . and is inconsistent with our obligation to do justice.

*Coles*, 862 N.W.2d at 486 (Page, J., dissenting) (citation omitted). We are bound by the majority's reasoning in *Coles*, not by the dissent. Fellman fails to distinguish this case from *Coles*, which we will follow regardless of its potentially harsh consequences. Applying *Coles*, we ask whether Fellman's challenge to the consecutive terms of conditional release is, in essence, a challenge to the underlying plea agreement. The record informs us that the answer is yes. Fellman signed a plea petition and was examined sufficiently to assure both his understanding and the voluntary nature of his agreement. The parties had negotiated the plea agreement. Fellman received its benefits, including its sentencing terms and the state's dismissing of several counts. The state was relieved of its trial burdens. Each party benefited from the resulting certainty in the outcome. That Fellman would face conditional release for ten years by operation of two consecutive five-year periods was a term in the negotiated agreement. Fellman's challenge to that term of his sentence therefore implicates the plea agreement and the conviction, and the district court properly characterized his motion to correct his sentence as a petition for postconviction relief under section 590.01.

The remaining question is less complicated, which is whether the district court abused its discretion when it denied Fellman's petition as *Knaffla*-barred. "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley*, 819 N.W.2d at 167 (quotation omitted).

Fellman seems correct in doubting the legality of consecutive terms of conditional release. Fellman cites *Miller v. State* (for the first time on appeal), where we held that consecutive conditional-release terms were unauthorized as a matter of law. 714 N.W.2d 745, 748 (Minn. App. 2006). But the district court's apparently erroneous conclusion of law on this point does not prevent the effect of *Coles* and the consequent *Knaffla* bar.

In concluding that Fellman's claim was *Knaffla*-barred, the district court considered Fellman's 2005 postconviction petition and observed that "[t]here is no argument that the consecutive periods of conditional release were unknown to [Fellman] upon the filing of the first petition for post-conviction relief." The district court did not address Fellman's 2004 motion to correct his sentence, but that motion also implies that Fellman knew about the claim at the time of his 2005 petition. The district court's conclusion was inescapable: Fellman knew or should have known of his potential claim when he previously petitioned for postconviction relief. The district court did not abuse its discretion by applying the *Knaffla* bar to Fellman's conditional-release-term challenge.

Fellman argues alternatively that, even if *Coles* applies and the postconviction statute is the appropriate avenue for his challenge, his challenge cannot be barred because the department of corrections changed its implementation of the sentence after the original

sentencing date. The argument has at least four flaws. First, Fellman raises it for the first time on appeal, so the district court had no opportunity to consider whether an exception to the *Knaffla* bar applies. *See Schleicher v. State*, 718 N.W.2d 440, 445 (Minn. 2006) (holding that parties may not raise issues for the first time on appeal from the denial of a postconviction petition); *Washington*, 845 N.W.2d at 216 (holding that a defendant may not assert an exception to the *Knaffla* bar for the first time on appeal). Second, the argument discusses the statutory, two-year time bar, which the district court did not apply to Fellman's petition. Third, the argument relies on documents in his appellate addendum that are nowhere in the record. We do not consider these documents on appeal. *See* Minn. R. Crim. P. 28.02, subd. 8. And fourth, even if we were to consider Fellman's argument concerning the department of correction's implementation of the sentence, the district court's sentencing summary mandated "10 years of conditional release" and could have been contested regardless of the department's implementation process.

**Affirmed.**