**STATE of Minnesota, Respondent,**

v.

**Walter Lee WHITE, Appellant.**

**No. C4–84–737.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Johnson, Hennepin County Atty., Paul R. Jennings, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, Minn. State Public Defender, Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant Walter White was convicted of aggravated robbery and burglary following an incident in which he entered a home in Minneapolis and at gunpoint robbed the residents of approximately $600. On appeal he contends that the evidence of his guilt was legally insufficient.

White's conviction was based on evidence that he and an accomplice entered the home of Joe and Essie Mitchell in southeast Minneapolis. After holding a gun to Joe Mitchell's head, he ordered all of the people in the house except Essie Mitchell to go to the basement. He then took approximately $600 from Essie Mitchell and hit her on the head twice with the gun. White was known to the Mitchells and was a frequent visitor at their house. He was aware that they were preparing for a trip and had withdrawn cash from a bank that morning.

After a court trial, White was found guilty of aggravated robbery and burglary. He was sentenced on the aggravated robbery conviction to a term of 97 months, the presumptive sentence under the Minnesota Sentencing Guidelines for a severity level VII offense and a criminal history score of six or more. No sentence was imposed for the burglary conviction.

On review, we are limited to ascertaining whether, given the facts in the record and legitimate inferences drawn from those facts, a court could reasonably find the defendant guilty of the offense charged. *State v. Thurmer*, 348 N.W.2d 776, 778 (Minn.Ct.App.1984) (citing *State v. Nash*, 342 N.W.2d 177, 179 (Minn.Ct.App. 1984)). We are also guided by the principle that the factfinder must choose between conflicting factual accounts and determine the credibility, reliability, and weight given to witnesses' testimony. *See State v. Engholm*, 290 N.W.2d 780, 784 (Minn.1980).

Here, three witnesses, the Mitchells and a neighbor present at the time of the incident, each described the events in essentially similar fashion. White's version, however, differed substantially from that of the other three witnesses. His explanation was that the other witnesses were all lying. The trial court determined that the testimony of the Mitchells and the neighbor was more credible than the testimony of White. The evidence supports this conclusion. The record is clearly sufficient to sustain White's conviction.

### DECISION

The evidence was sufficient to sustain appellant's conviction for aggravated robbery and burglary.

Affirmed.