**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0823**

Robel Belay Kubrom, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 6, 2015**
**Reversed and remanded**
**Rodenberg, Judge**

Hennepin County District Court
File No. 27-CR-08-27399

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, Veronica Surges Shacka, Assistant Public Defender, Shannon Callahan, Certified Student Attorney, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Katie Lynch, Certified Student Attorney, Minneapolis, Minnesota (for the state)

Considered and decided by Rodenberg, Presiding Judge; Chutich, Judge; and Smith, Judge.

# S Y L L A B U S

Where a defendant pleads guilty as part of a plea agreement for a definite-term sentence and is informed of a statutorily mandated conditional-release term only by reference to an undefined conditional-release term in the complaint, the defendant is

entitled to withdraw his guilty plea after the bargained-for definite sentence has been executed and served in full.

# O P I N I O N

**RODENBERG**, Judge

Appellant Robel Belay Kubrom challenges the district court's denial of his postconviction petition to amend his sentence after the district court added a mandatory conditional-release term to his bargained-for sentence that has now been fully served. We reverse and remand.

## FACTS

On June 4, 2008, appellant Robel Belay Kubrom was charged with first-degree driving while impaired under Minn. Stat. §§ 169A.20, subd. 1(5), .24, subd. 1 (2008), and driving after cancellation as inimical to public safety under Minn. Stat. § 171.24, subd. 5(1) (2008), for a May 17, 2008 driving incident. The complaint described each charge, and identified the statute(s) violated and the possible penalty. For count I, the driving-while-impaired charge, the penalty was described as "3-7 YEARS AND/OR $4,200-$14,000 PLUS A CONDITIONAL RELEASE TERM."

A plea agreement was reached and, on July 11, 2008, appellant pleaded guilty to first-degree driving while impaired and was sentenced.[1] The plea petition stated that "if [appellant] enter[s] a plea of guilty, the prosecutor will do the following . . . 46 mo[.] commit concurrent" with another sentence and that the district court would

---

[1] The second charge for driving after cancellation was dismissed as part of the plea agreement.

"recommend[] boot camp" to the Minnesota Department of Corrections (DOC). It contained no reference to a mandatory conditional-release term but contained a reference to a mandatory sentence: "[I]f a minimum sentence is required by statute, the court may impose a sentence [of not less than] 36 months for this crime." The number "36" was handwritten. Neither a presentence investigation nor a sentencing guidelines worksheet was ordered by or filed with the court. During the plea hearing, there was no mention of a mandatory conditional-release term. Neither did the district court's pronounced sentence contain such a term.

The district court committed appellant to the commissioner of corrections for 46 months, with 47 days of jail credit for time served. While appellant was serving his sentence, the district court twice modified his sentence to correct inaccuracies.[2]

On April 29, 2013, the district court amended appellant's sentence a third time, adding the five-year conditional-release term after the DOC sent a letter to the sentencing court on April 24, 2013, informing it that appellant's sentence "did not mention the five year conditional release period" required by Minn. Stat. § 169A.276, subd. 1(d) (2008). The DOC requested that the district court review the file and provide the DOC with an amended sentencing order including the conditional-release term. The district court did so without notice to appellant or a hearing.

---

[2] The sentence pronounced by the judge at the sentencing hearing was 46 months, but appellant's initial sentence was recorded as 47 months. The district court modified the sentence to 46 months and modified the sentence a second time to amend the jail credit to 52 days. Appellant was released from prison on supervised release after serving 31 months of his 46-month sentence. He subsequently violated his release conditions and the balance of his 46-month sentence was executed.

Appellant petitioned the district court for postconviction relief, arguing that the district court erred in adding the five-year conditional-release term to his sentence and that appellant was entitled to either withdraw his plea or have his sentence amended to conform to the original agreement. The district court denied appellant's petition. This appeal followed.

## ISSUE

Did a reference in the complaint to an unspecified conditional-release term sufficiently notify appellant of a statutorily mandated conditional-release term to permit an amendment of appellant's sentence to include the conditional-release term after appellant's bargained-for maximum sentence was executed?

## ANALYSIS

The criminal penalty for first-degree driving while impaired includes "imprisonment for not more than seven years" and "the mandatory penalties described in section 169A.276." Minn. Stat. § 169A.24, subd. 2 (2008). The mandatory-penalty statute provides that the sentencing court "shall provide that after the person [convicted of first-degree driving while impaired] has been released from prison the commissioner [of corrections] shall place the person on conditional release for five years." Minn. Stat. § 169A.276, subd. 1(d). It further provides that "[t]he commissioner [of corrections] shall impose any conditions of release that the commissioner deems appropriate" and permits the commissioner, "[i]f the person fails to comply with any condition of release," to revoke the conditional release "and order the person to serve all or part of the remaining portion of the conditional release term in prison." *Id.*

4

Appellant argues that, because he was not adequately informed of the mandatory five-year conditional-release term before he pleaded guilty and was sentenced, the district court improperly denied his postconviction petition. The state argues that the district court properly denied appellant's petition for postconviction relief because appellant was sufficiently notified of the conditional-release term by the reference to a conditional-release term in the complaint.

A person convicted of a crime, and claiming a violation of constitutional rights, may petition the district court in which the person was convicted to vacate a conviction or sentence "or make other disposition as may be appropriate" when a direct appeal is not available. Minn. Stat. § 590.01, subd. 1 (2014). A postconviction petition is proper to seek withdrawal of a guilty plea after the time for a direct appeal has expired. *See James v. State*, 699 N.W.2d 723, 727 (Minn. 2005) (stating that when a defendant seeks to withdraw a guilty plea after sentencing, the defendant must raise it in a petition for postconviction relief).

A district court's denial of a defendant's petition to withdraw a guilty plea will be reversed "only if the district court abused its discretion." *State v. Henthorne*, 637 N.W.2d 852, 854 (Minn. App. 2002), *review denied* (Minn. Mar. 27, 2002). Interpretation and enforcement of plea agreements are issues of law, which we review de novo. *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000).

To be valid, a guilty plea must be accurate, voluntary, and intelligent. *Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989). There is no absolute right to withdraw a guilty plea, but a guilty plea may be withdrawn "upon a timely motion and proof . . . that

5

withdrawal [of the guilty plea] is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1; *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). When a guilty plea is not accurate, voluntary, or intelligent, a manifest injustice occurs. *Theis*, 742 N.W.2d at 646; *see also Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). To be intelligent, the guilty plea must be knowing and understanding to "insure that the defendant understands the charges, the rights being waived and the consequences of the guilty plea." *Brown*, 449 N.W.2d at 182.

A conditional-release term is a direct consequence of a defendant's guilty plea because it affects the maximum amount of prison time a defendant may serve. *Henthorne,* 637 N.W.2d at 856. "While conditional release is mandatory and nonwaivable, it represents a significant modification to a criminal sanction" in cases where the term was not initially pronounced or part of a sentence. *Martinek v. State*, 678 N.W.2d 714, 718 (Minn. App. 2004).

When a statute mandates a period of conditional release, any sentence that omits the conditional-release period is unauthorized.[3] *State v. Humes*, 581 N.W.2d 317, 319 (Minn. 1998). An unauthorized sentence may be corrected without violating due process when a defendant "has notice that a correction is required and has not developed a crystallized expectation as to the finality of the sentence." *Martinek*, 678 N.W.2d at 718.

---

[3] Most of the caselaw regarding the modification of a sentence to add a conditional-release term arises from statutes relating to sex offenders. *See* Minn. Stat. §§ 609.346, subd. 5 (1996), .3455, subd. 6 (2014). However, the language of the sex offender statutes and the DWI statutes both include the mandatory language "shall" and have been interpreted to be mandatory terms that cannot be waived. *Humes*, 581 at 319; *see also* Minn. Stat. § 169A.276, subd. 1(d) (2014).

6

However, the Minnesota Supreme Court has recognized that there is a due-process limitation on a district court's ability to modify a sentence. *State v. Calmes*, 632 N.W.2d 641, 645 (Minn. 2001). To determine whether a sentence modification impermissibly alters a plea agreement, "courts look to what the parties to the plea bargain reasonably understood to be the terms of the agreement." *Brown*, 606 N.W.2d at 674 (quotation omitted).

In *Humes*, the supreme court held that the plain language of the statute required that a conditional-release term "must be included in the sentence" for statutorily specified offenders and could not be waived. 581 N.W.2d at 319. The supreme court concluded that "the district court simply made an error of law in failing to include the mandatory conditional release term" and that the district court had jurisdiction to modify the sentence to add the term. *Id.* at 320.

Six months after *Humes*, the supreme court decided *State v. Garcia*, 582 N.W.2d 879 (Minn. 1998). In *Garcia*, the defendant had originally pleaded guilty to a lesser charge "in exchange for a sentence of 81 months." *Id.* at 880. There was no mention of a conditional-release term "in the plea petition nor was it addressed at any of the hearings." *Id.* at 880-81. The supreme court concluded that, while the district court has jurisdiction to correct a defendant's sentence to include the statutorily mandated conditional-release term, modifying the defendant's sentence to include a conditional-release term not included in the plea agreement entitles the defendant to elect to either withdraw his guilty plea or remain bound by the original plea agreement with the added conditional-release term. *Id.* at 881-82. Where a defendant's guilty plea contains an "unqualified promise

7

[that] is unauthorized by law," he "must be allowed to withdraw from the plea agreement if he so chooses." *Id.* at 882; *see also Kochevar v. State*, 281 N.W.2d 680, 687 (Minn. 1979) (stating that "[i]t is well settled that an unqualified promise which is part of a plea arrangement must be honored or else the guilty plea may be withdrawn"). The supreme court rejected Garcia's request for specific performance of the unauthorized plea agreement, reasoning that the original sentence was "plainly illegal." *Garcia*, 582 N.W.2d at 881-82.

Over the next several years, a series of supreme court opinions addressed the circumstances under which a defendant would be allowed to withdraw a guilty plea when a sentence was amended to add the statutorily mandated conditional-release term. *See State v. Wukawitz*, 662 N.W.2d 517, 523-25 (Minn. 2003) (describing the leading cases addressing sentences amended to add conditional-release terms). The supreme court has consistently held that, when a defendant is informed of a possible conditional-release term before sentencing, even if that term is not in the plea agreement or sentence, the defendant has sufficient notice of the consequences of the plea and the plea will be considered to have been voluntary and intelligent. *See State v. Rhodes*, 675 N.W.2d 323, 327 (Minn. 2004) (stating that when the defendant is on notice of a conditional-release term before sentencing by way of reference to the term in the pre-sentence investigation report, the defendant cannot later withdraw a guilty plea on that basis); *Perkins v. State*, 559 N.W.2d 678, 690 (Minn. 1997) (upholding the guilty plea as voluntary and informed when the plea petition included a handwritten notation of the maximum penalty of 30 years imprisonment when the recommendation from the state was 115 months); *Calmes*,

8

632 N.W.2d at 648 (stating that the defendant was "on notice that a statute required" a conditional-release term when the term was added and subsequently removed from the sentence); *but see Uselman v. State*, 831 N.W.2d 690, 693-94 (Minn. App. 2013) (concluding that when the plea agreement indicated that there would be no conditional-release term, plea withdrawal was appropriate). In all of these earlier cases, the defendant was informed of the conditional-release term either through a plea petition, a pre-sentence investigation report, at the plea and/or sentencing hearings, or through some combination of written and oral notifications.

Minnesota's appellate courts have also determined that, when a defendant's negotiated plea is induced by the dismissal of charges, the opportunity for probation, or an agreed-upon sentence *range*, a sentence modification that adds the conditional-release term does not violate the plea agreement, even if the defendant was not informed of the possibility of conditional release before sentencing. *See Oldenburg v. State*, 763 N.W.2d 655, 659 (Minn. App. 2009) (upholding the district court's denial of postconviction relief because the record supported the district court's finding that the appellant was on notice of the conditional-release term and "[b]ecause the plea agreement did not prescribe a definite sentence"); *Brown*, 606 N.W.2d at 675 (holding that even though no reference of a conditional-release term was mentioned in any written agreements or at the hearings, the duration of the sentence was not what induced a plea agreement from the defendant; rather, "it was the the promise of an opportunity for probation and rehabilitation").

But, under *Garcia*, a plea agreement is violated when a conditional-release term is added to a sentence after a defendant has pleaded guilty in exchange for a specific and

definite sentence that would be extended by the addition of the conditional-release term. *Garcia* 582 N.W.2d at 882; *see also James*, 699 N.W.2d at 730 (concluding that the mandatory conditional-release term could not be imposed because the resulting sentence "was in excess of the upper limit contemplated at the time [the defendant] entered into the plea agreement" and he was not informed of the conditional-release term before sentencing); *Wukawitz*, 662 N.W.2d at 526, 528-29 (holding that a guilty plea induced by a promise of a maximum definite sentence that is later increased by a conditional-release term requires that the defendant have the opportunity to withdraw the guilty plea or be granted a modified sentence, if withdrawal of the guilty plea would unduly prejudice the state); *State v. Jumping Eagle*, 620 N.W.2d 42, 44-45 (Minn. 2000) (stating that the defendant agreed to a maximum sentence of 172 months and, because the defendant was not informed of the conditional-release term, the sentence could not be increased from that negotiated term); *Henthorne*, 637 N.W.2d at 857 (reversing the district court's denial of a petition to withdraw a guilty plea because the conditional-release term exceeded "the maximum sentence contemplated by his original plea agreement").

Here, appellant was not notified in the plea petition or at the combined plea-and-sentencing hearing that a conditional-release term was either mandatory or could be imposed. The complaint stated: "PENALTY: 3-7 YEARS AND/OR $4,200-$14,000 PLUS A CONDITIONAL RELEASE TERM," which language the state now argues notified appellant of the mandatory conditional-release term. The district court adopted the state's reasoning. But, as the state acknowledges, no Minnesota case holds that a general statement regarding a conditional-release term in a complaint, standing alone, is

10

sufficient notice of a mandatory five-year conditional-release term. This case is therefore one of first impression.

We conclude that the rule in *Wukawitz* applies here. When a "waiver of rights and plea were induced by the promise of a maximum sentence that the district court agreed to honor by its acceptance of the plea, due process requires that the promise be fulfilled." *See Wukawitz*, 662 N.W.2d at 522. Appellant negotiated a definite-term sentence and was not informed that he was subject to a mandatory five-year conditional-release term. The complaint in this case did not specify the length of the applicable conditional-release term. Neither did it specify that conditional release was mandatory. Importantly, adding a five-year conditional-release term here would increase appellant's total prison exposure from 46 months (the negotiated term) to 106 months (the negotiated 46 months plus five years). *See* Minn. Stat. § 169A.276, subd. 1(d) (stating that if a person fails to follow the conditions, the commissioner of corrections may "revoke the person's conditional release and order the person to *serve all or part of the remaining portion of the conditional release term in prison*" (emphasis added)). And appellant has now served the full 46-month sentence to which he agreed, a sentence that was executed in full before the district court added the conditional-release term. *See Henthorne*, 637 N.W.2d at 857 (holding that the district court abused its discretion when it imposed a conditional-release term that exceeded the maximum sentence contemplated by the defendant when the defendant was not given sufficient notice that such a conditional term was mandatory).

We note that neither a presentence investigation nor a sentencing guidelines worksheet was ordered or prepared here. *See* Minn. Stat. §§ 244.09, subd. 5(2) (stating

11

that while the sentencing guidelines are advisory, the district court "shall follow the procedures of the guidelines" in sentencing proceedings), 609.115, subd. 1(c) (requiring the district court to mandate a presentence investigation when a defendant has been convicted of a felony) (2008). If either of these reports had been prepared, the district court likely would have identified the mandatory conditional-release term, informed appellant of the statutorily mandated term before his sentencing, and either included it in the original sentence or discovered that the parties had not truly arrived at a meeting of the minds in the plea agreement.

Appellant's original sentence was unauthorized because it failed to include the mandatory conditional-release term. The plea agreement was therefore based on an unqualified promise that cannot now be fulfilled. *See Garcia*, 582 N.W.2d at 881-82. "[T]he imposition of [a conditional-release term] after the fact would violate the plea agreement." *Wukawitz*, 662 N.W.2d at 529. Due process requires that appellant have the opportunity to withdraw his plea. We reverse and remand to the district court to allow appellant to withdraw his guilty plea.[4]

Appellant argues in his pro se supplemental brief that he was deprived of effective assistance of counsel during plea negotiation. Because we reverse and remand for the reasons stated above, we do not reach this issue.

---

[4] Appellant argues on appeal that his sentence could not be modified because his original sentence was almost complete when he petitioned the district court for postconviction relief and that he had a crystallized expectation of finality. Because we reverse and remand on the notice issue, and conclude that appellant is entitled to withdraw his guilty plea, the state is entitled to be heard on remand concerning whether plea withdrawal would unduly prejudice the prosecution, pursuant to *Wukawitz*, and, if so, what remedy is appropriate. 662 N.W.2d at 528-29.

## D E C I S I O N

Appellant was not adequately notified of the statutorily mandated conditional-release term before pleading guilty to first-degree driving while impaired under a negotiated plea for a definite-term sentence.  He is therefore entitled to withdraw his guilty plea.  We reverse the district court's denial of appellant's postconviction petition and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**