*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1740**

Joseph Michael Smith, petitioner,
Respondent,

vs.

State of Minnesota,
Appellant.

**Filed June 13, 2016
Affirmed
Kirk, Judge**

Scott County District Court
File No. 70-CR-11-21100

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota; and

Adam Chandler, Special Assistant Public Defender, Minneapolis, Minnesota (for respondent)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for appellant)

Considered and decided by Jesson, Presiding Judge; Kirk, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KIRK**, Judge

Appellant State of Minnesota challenges the postconviction court's grant of respondent's petition to withdraw his guilty plea, arguing that the court abused its discretion in finding that respondent did not know about a mandatory conditional-release term that was imposed after his sentence was executed. Because respondent pleaded guilty as part of a plea agreement for a definite-term sentence and he was not informed of the conditional-release term, we affirm.

**FACTS**

On September 29, 2011, respondent Joseph Michael Smith was charged with first-degree driving while impaired (DWI), first-degree driving with an alcohol concentration of 0.08 within two hours, driving after cancellation of his driver's license, and fourth-degree damage to property. The charges arose from an incident two days earlier where law enforcement responded to a report of a black SUV driving through a cornfield. Law enforcement found respondent and his friend walking along a ditch in the proximate area of where the black SUV was found, parked in a stand of trees. Respondent claimed that he was trying to help get his girlfriend's vehicle back on the road. Both respondent and his friend were intoxicated.

On February 14, 2012, the district court held a plea hearing, where respondent was represented by counsel. Respondent signed a plea petition where he agreed to plead guilty to first-degree DWI, serve one year in jail, follow recommendations, and pay restitution. In exchange, he would receive a stayed 75-month prison sentence, and the remaining

charges would be dismissed. There was no language in the plea petition indicating a mandatory conditional-release period applied to the first-degree DWI. *See* Minn. Stat. § 169A.276, subd. 1(d) (2010). A presentence investigation was not ordered or filed by the district court. At the plea hearing, no party, including the district court, mentioned the mandatory five-year conditional-release term.

A sentencing guidelines worksheet is included in the record. The worksheet, which is dated February 14, 2012, recommends that appellant be committed to the Commissioner of Corrections for a presumptive 75-month sentence, and states "[c]onditional [r]elease [s]tatutes [a]pply if [p]rison [s]entence is [e]xecuted: 5 [y]ears." The worksheet was not admitted into evidence during the plea hearing, nor was it ordered by the district court. Following the terms of the plea agreement, the district court sentenced respondent to 75 months in prison, stayed, and placed him on probation for up to seven years.

On March 21, 2013, the district court executed respondent's 75-month sentence after finding that he violated the conditions of his probation. After the district court executed respondent's sentence, it informed respondent that he was subject to the mandatory five-year conditional-release term. Respondent replied, "Is that for sex offenders?" Respondent then spoke with his counsel off the record. When the district court went back on the record, the prosecutor explained to respondent that the conditional-release period was mandatory for felony DWIs, and respondent stated, "I understand that I'm getting more time than sex offenders."

On November 14, 2014, respondent petitioned the postconviction court for postconviction relief, arguing that he was entitled to withdraw his guilty plea because the

3

district court erred in imposing the five-year conditional-release term after he accepted a plea deal that did not include the conditional-release term. The postconviction court ordered an evidentiary hearing, finding that respondent's surprised reaction upon learning about the imposition of a conditional-release term was tantamount to an objection.

At the May 5, 2015 evidentiary hearing, respondent testified about his understanding of the plea agreement. He testified that he intended to go to trial "until the very last minute," but ultimately decided to take the plea deal because he could potentially receive an upper-range sentence of 87 months if he lost his case. Respondent denied that he would have accepted the plea agreement had he known of the mandatory conditional-release term. He also testified that he never saw the prosecutor's plea offer or the sentencing worksheet. He claimed that his attorney only communicated the length of the sentence in the state's plea offer. Respondent testified that no one, including his attorney, ever informed him of the conditional-release term prior to the probation-revocation hearing.

Respondent's attorney at the February 2012 plea hearing also testified. He remembered respondent was "adamant about going to trial in this case." The attorney testified that he normally would review a plea offer and the sentencing worksheet with a defendant during his normal course of his representation, but he did not recall doing so in this case.

On August 31, 2015, the postconviction court granted respondent's postconviction petition and permitted him to withdraw his guilty plea. The postconviction court found that respondent had established by a preponderance of the evidence under Minn. Stat.

4

§ 590.04, subd. 3 (2014), that his plea was not made intelligently. Because of a "somewhat unlikely confluence of events," the postconviction court found that it was more likely than not that respondent did not know about the mandatory conditional-release period when he pleaded guilty. It noted that respondent was adamant about going to trial, which made sense in light of the fact that there was uncertainty as to whether respondent was in fact the driver of the black SUV, as the state claimed. Hence, it was reasonable to believe that respondent initially rejected the state's plea offer, which required prison time, before his attorney had a chance to inform him about the conditional-release term. The fact that the sentencing worksheet was not prepared until the day of the plea hearing would have limited respondent's attorney's ability to follow through on his regular practice of presenting it to his client. Respondent's plea petition, which originated from Scott County, failed to mention that a conditional-release term was a collateral consequence of pleading guilty to a felony DWI. Finally, the postconviction court noted respondent's surprised reaction at the probation-revocation hearing upon learning that his sentence included a mandatory conditional-release term.

The state appeals.

## D E C I S I O N

**I.    The postconviction court did not abuse its discretion by granting respondent's postconviction petition to withdraw his guilty plea.**

Our scope of review on appeal from a postconviction court's grant of relief is limited to determining whether the court abused its discretion, including whether there was sufficient evidence to support the court's conclusions. *James v. State*, 699 N.W.2d 723,

728 (Minn. 2005). "Determining what the parties agreed to in a plea bargain is a factual inquiry for the postconviction court to resolve." *State v. Rhodes*, 675 N.W.2d 323, 326 (Minn. 2004). However, the interpretation and enforcement of a plea agreement presents legal issues that we review de novo. *State v. Jumping Eagle*, 620 N.W.2d 42, 44-45 (Minn. 2000).

A guilty plea is invalid and manifestly unjust if it is not accurate, voluntary, and intelligent. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Minn. R. Crim. P. 15.05, subd. 1, states in relevant part, that "the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice."

1. *Postconviction court's findings*

A manifest injustice exists if a plea was entered without knowledge that the sentence actually imposed could be imposed. *Rhodes*, 675 N.W.2d at 326 (quotation omitted). At an evidentiary hearing on a petition for postconviction relief, the petitioner must prove the alleged facts in the petition by a fair preponderance of the evidence. Minn. Stat. § 590.04, subd. 3; *see Sanchez-Diaz v. State*, 758 N.W.2d 843, 846 (Minn. 2008). The preponderance-of-the-evidence standard requires "establish[ing] [a claim] by a greater weight of the evidence," or that it is more likely than not that the claim is true. *State v. Wahlberg*, 296 N.W.2d 408, 418 (Minn. 1980).

The state argues that the postconviction court circumvented the preponderance-of-the-evidence standard by "cobbl[ing] together a string of hypotheticals," to support a finding that respondent's plea was not intelligent because he did not know about the

6

mandatory conditional-release term. We conclude that the postconviction court did not abuse its discretion in finding respondent met the preponderance-of-the-evidence standard.

The factfinder is in the best position to judge the weight and credibility of evidence, as well as to make any inferences based on that evidence. *State v. White*, 357 N.W.2d 388, 390 (Minn. App. 1984). Here, the postconviction court properly credited both respondent's and his attorney's testimony and determined that it was reasonably likely, under the preponderance-of-the-evidence standard, that respondent was not informed of the conditional-release term until the probation-revocation hearing.

2.      *Constructive notice*

Primarily relying on *Rhodes*, the state next asserts that the postconviction court erred in refusing to consider that respondent had constructive notice about the conditional-release term because it was included in the sentencing worksheet, and caselaw establishes that respondent had constructive notice through the charging statute. 675 N.W.2d at 326-27.

The postconviction court relied on *Kubrom v. State*, 863 N.W.2d 88 (Minn. App. 2015), to conclude that respondent did not have constructive notice under the DWI statute, and generally noted that "[i]f constructive notice alone was enough to defeat a request for postconviction relief, there would be no basis for the fairly regular litigation in this area." We agree.

In *Rhodes*, a defendant petitioned to withdraw his guilty plea on the ground that he did not know of a mandatory conditional-release period at the time he accepted a plea deal and pleaded guilty to a sex offense. 675 N.W.2d at 325. The supreme court held that defendant's plea was intelligent because he was on notice of the conditional-release term

7

because it was written in the presentence-investigation report (PSI), the district court mentioned it while pronouncing defendant's sentence, and it had been incorporated as a mandatory provision of the sex-offender statutes years before he entered his plea. *Id.* at 327.

*Kubrom*, a recent case from this court, is factually more similar to the instant case than *Rhodes*. In *Kubrom*, a defendant was charged with first-degree DWI and driving after cancellation as inimical to public safety. 863 N.W.2d at 90. In exchange for pleading guilty to first-degree DWI, the defendant agreed to a 46-month sentence. *Id.* No one mentioned the mandatory five-year conditional-release term at the plea hearing or at sentencing. *Id.* And the only written reference to a conditional-release term was found in the charging complaint, but it did not state that it was mandatory. *Id.* Five years after the plea agreement, the district court included the conditional-release term at the behest of the Department of Corrections. *Id.* at 90-91.

The defendant in *Kubrom* petitioned for postconviction relief, arguing that he should be entitled to withdraw his guilty plea because the district court erred in imposing the conditional-release term. *Id.* at 91. Notably, we did *not* conclude that the defendant had constructive notice of the conditional-release term simply by virtue of being charged with first-degree DWI. Instead, we distinguished *Rhodes* not only because the defendant in *Rhodes* received written and oral notifications of the conditional-release term before and during sentencing, but also on the fact that the defendant in *Kubrom* had negotiated a specific sentence in exchange for pleading guilty. *Id.* at 94 (citing *State v. Wukawitz*, 662 N.W.2d 517, 522 (Minn. 2003)). When the addition of a mandatory conditional-release

term after sentencing and without prior notice would exceed the maximum length of an executed sentence as stated in the plea agreement, the addition of the term violates the plea agreement. *Rhodes*, 675 N.W.2d at 326-27.

Here, it is undisputed that respondent, like the defendant in *Kubrom*, had negotiated a definite-term sentence, and addition of the mandatory five-year conditional-release term exceeds the maximum 75-month sentence which he bargained for. The *Kubrom* court examined several factors in determining that the defendant's original sentence, with the mandatory conditional-release term, was unauthorized and that he should be allowed to withdraw his guilty plea: (1) the complaint did not specify the length of the applicable conditional-release term or that it was mandatory; (2) the defendant had negotiated a definite-term sentence; (3) the defendant was not informed that he was subject to a mandatory conditional-release term at the plea or sentencing hearings; and (4) the addition of the conditional-release term exceeded the maximum sentence contemplated by the defendant. 863 N.W.2d at 94-95. Applying *Kubrom* to the instant case, we reach a similar result. Respondent did not have constructive notice of the conditional-release term through the charging statute. While both the state's offer letter and the sentencing worksheet reference a five-year conditional-release term, neither stated that it is mandatory. And, we note, neither document requires respondent's signature to confirm that he received, read, and understood its contents. Both respondent's and his attorney's testimony do not establish that respondent received written or oral notification of the conditional-release term at the plea hearing or at sentencing. And adding a conditional-release term to respondent's definite-term sentence exceeds the length of the sentence that he bargained

9

for. Under these facts, the postconviction court did not abuse its discretion in allowing respondent to withdraw his guilty plea.

3.    *Failure to object*

The state challenges the postconviction court's finding that respondent's surprised reaction constituted an objection to the conditional-release term at the probation-revocation hearing, and then argues that respondent's failure to formally object should have precluded the postconviction court from allowing him to withdraw his guilty plea. But whether a defendant did or did not object is not fatal to his petition for postconviction relief. In *James*, a defendant was not informed of a conditional-release term at the plea hearing or at sentencing, and he failed to object when the district court added the term when it revoked his probation and executed his sentence. 699 N.W.2d at 725-26. Thirty-nine months after his sentence was executed, he petitioned for postconviction relief on the ground that he was not informed of the mandatory conditional-release term when he pleaded guilty. *Id.* at 726. The supreme court reviewed the merits of his petition because it did not find any inexcusable or deliberate delay on defendant's part in filing his petition. *Id.* at 729. Because there is no evidence of such behavior in this case, under *James*, the postconviction court did not err in granting respondent's postconviction petition and, after a hearing, allowing him to withdraw his guilty plea.

4.    *Respondent's decision to plead guilty*

Finally, the state argues that the postconviction court erred in finding that respondent would not have pleaded guilty if he had been advised of the conditional-release period because respondent had negotiated an "astonishingly good deal," a downward-

10

dispositional departure from 75 months in prison to just 12 months in jail. Here, caselaw forecloses the state's argument. In *James*, the supreme court rejected this very argument, holding that the defendant could withdraw his guilty plea because the plea agreement was induced by an unfulfillable promise. *Id.* at 730.

The postconviction court did not abuse its discretion in allowing respondent to withdraw his guilty plea.

**Affirmed.**