*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1247**

State of Minnesota,
Respondent,

vs.

Kyle Jon Wilczek,
Appellant.

**Filed February 13, 2017
Affirmed
Bjorkman, Judge**

Aitkin County District Court
File No. 01-CR-09-1140

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James P. Ratz, Aitkin County Attorney, Nathan T. Benusa, Assistant County Attorney, Aitkin, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael McLaughlin, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges the imposition of a five-year conditional-release term and the revocation of his probation for felony driving while impaired (DWI).  Because we conclude

that the district court properly imposed the mandatory conditional-release term and did not abuse its discretion by revoking appellant's probation, we affirm.

**FACTS**

In 2009, appellant Kyle Jon Wilczek pleaded guilty to first-degree DWI, which carries a mandatory five-year period of conditional release upon the expiration of a defendant's prison term. Minn. Stat. § 169A.276 (2008). Pursuant to the plea agreement, the state dismissed the remaining charges and recommended a guidelines sentence. At the plea hearing, Wilczek acknowledged that he would be subject to a conditional-release period if the district court executed his sentence. And his signed plea petition stated, in bold type: "I understand I am subject to a five year conditional release period."[1] The district court accepted Wilczek's plea, imposed a stayed 48-month sentence, and placed Wilczek on probation in accord with the plea agreement. Wilczek's probation conditions required him to, among other things, remain law-abiding, keep his probation officer apprised of his address, abstain from using alcohol and other controlled substances, inform his probation officer of any law-enforcement contact, and cooperate with random searches of his residence.

On July 7, 2014, Wilczek admitted he violated his probation by committing two driving after cancellation—inimical to public safety (DAC-IPS) offenses. The district court imposed an intermediate sanction and continued Wilczek's probation. In February 2016, Wilczek's probation officer filed another violation report, alleging that Wilczek had

---

[1] The presentencing worksheet also stated that "Conditional Release Statutes Apply if Prison Sentence is Executed: 5 years."

2

violated probation by (1) failing to tell his probation officer of a changed address within 72 hours; (2) using unauthorized chemical substances; (3) failing to remain law-abiding; (4) failing to tell his probation officer of law-enforcement contact within 72 hours; (5) failing to cooperate with a search of his residence; and (6) failing to follow the instructions of probation.

Following a probation-violation hearing, the district court found clear and convincing evidence that Wilczek violated his probation by using chemical substances, failing to inform his probation officer within 72 hours of a law-enforcement contact, and failing to cooperate with a search of his residence. The district court held a dispositional hearing two weeks later, during which it found that Wilczek's violations were intentional and inexcusable and that any consequence other than executing his sentence "would unduly depreciate the probation process." Accordingly, the district court revoked Wilczek's probation and sentenced him to 48 months' imprisonment to be followed by five years of conditional release. Wilczek appeals.

## D E C I S I O N

### I. The district court did not err by imposing the mandatory conditional-release term when executing Wilczek's stayed sentence.

For the first time on appeal, Wilczek challenges the validity of his sentence. Our supreme court has held that a defendant may challenge his underlying sentence on appeal from an order revoking probation. *State v. Fields*, 416 N.W.2d 734, 736 (Minn. 1987). We review the legality of a sentence de novo. *State v. Modtland*, 695 N.W.2d 602, 605 (Minn. 2005).

3

Wilczek argues that the district court erred by imposing the five-year conditional-release term for the first time when it revoked his probation and executed his sentence. Wilczek contends that the district court was only authorized to impose the term at the time of sentencing. This argument is unavailing. The statutory language defeats Wilczek's argument: "[W]hen the court *commits a person to the custody of the commissioner of corrections* under this subdivision, it shall provide that after the person has been released from prison the commissioner shall place the person on conditional release for five years." Minn. Stat. § 169A.276, subd. 1(d) (emphasis added).

Moreover, caselaw recognizes a district court's authority—and obligation—to impose the conditional-release period under Minn. Stat. § 169A.276. *See State v. Calmes*, 620 N.W.2d 61, 63 (Minn. App. 2000) ("Because the conditional release term is mandatory, a district court has jurisdiction to amend a defendant's sentence to include a conditional release term."), *aff'd,* 632 N.W.2d 641 (Minn. 2001). In *Calmes*, our supreme court affirmed the amendment of a sentence to include a conditional-release term three years after the sentence was executed. 632 N.W.2d at 647. In rejecting Calmes's due-process argument, the supreme court reasoned that "citizens are presumed to know the law," and because the court had issued opinions that a conditional-release term is mandatory and nonwaivable, Calmes "could not have developed a reasonable crystallized expectation of finality in a sentence that did not include a mandatory and nonwaivable condition." *Id.* at 648.

Wilczek's reliance on *Kubrom v. State*, 863 N.W.2d 88 (Minn. App. 2015), is misplaced. Kubrom's plea agreement included an executed, definite-term sentence but was

4

silent with respect to conditional release. 863 N.W.2d at 90. As his release date approached, the department of corrections asked the district court to amend Kubrom's sentence to add the five-year conditional-release term. *Id.* at 90-91. The district court did so. Because modification of the sentence to include the conditional-release term impermissibly altered Kubrom's plea agreement, we reversed and remanded for plea withdrawal. *Id.* at 94-95.

Unlike Kubrom, Wilczek did not agree to a definite-term sentence. And he knew about the conditional-release term when he entered his guilty plea. His plea petition expressed his understanding that he was "subject to a five year conditional release period." At the plea hearing, Wilczek's attorney stated that the conditional-release period would be imposed if Wilczek violated probation and his sentence was executed. Wilzcek acknowledged his understanding of this fact. On this record, imposition of the conditional-release period does not violate Wilczek's plea agreement. *See Oldenburg v. State*, 763 N.W.2d 655, 659 (Minn. App. 2009) ("Because the plea agreement did not prescribe a definite sentence, we conclude that the later addition of the conditional-release term did not violate the plea agreement.").

In sum, Wilczek was not committed to the commissioner of corrections until the district court revoked his probation and executed his sentence. At that time, the district court was authorized—and required—to impose the five-year conditional-release period as contemplated by the plea agreement.

**II.     The district court did not abuse its discretion by revoking Wilczek's probation.**

Before revoking probation, a district court "must (1) designate the specific condition or conditions that were violated; (2) find that the violation was intentional or inexcusable; and (3) find that need for confinement outweighs the policies favoring probation." *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980). [2]  A district court "has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion." *Id.* at 249-50.  We also review a district court's evidentiary rulings for abuse of discretion.  *State v. Flores,* 595 N.W.2d 860, 865 (Minn. 1999).

Wilczek argues that the district court violated his due-process right to present mitigating evidence at the probation-violation hearing by excluding his proffered testimony that "he did not follow his [probation officer's] instruction to call after submitting a [urinalysis] because another probation employee told him not to call."  Wilczek contends the district court erroneously excluded this testimony as hearsay.  We need not decide this question because it has no bearing on the district court's revocation decision.  The district court did not find clear and convincing evidence that Wilczek violated probation by failing to contact his probation officer after a chemical test.  Because the excluded evidence relates to an alleged violation that the state did not prove, any evidentiary error is harmless.  Minn. R. Crim. P. 31.01 ("Any error that does not affect substantial rights must be disregarded.").

---

[2] Wilczek does not challenge the adequacy of the district court's *Austin* findings.

Finally, Wilczek asserts the district court denied him due process by basing its revocation decision on conduct that was not alleged in the violation report. He contends that the court's reference to his prior driving-after-cancellation convictions as evidence that "Wilczek [was] 'prepared . . . to disregard' his conditions of probation" violated his right to notice and the opportunity to be heard. But Wilczek did not make a due-process argument in the district court. As the supreme court held in *Austin*, a defendant who does not raise a due-process violation at the revocation hearing forfeits the issue. 295 N.W.2d. at 252.

**Affirmed.**